| | | |
|---|---|---|
| **JOHN P. HOLLINGSWORTH, JAMES A. HOLLINGSWORTH, and KENNETH E. HOLLINGSWORTH,** | : | **No. 3:09cv838** |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **RANGE RESOURCES– APPALACHIA, LLC,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court are plaintiffs' objections (Doc. 18) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 17) that defendant's motion to dismiss (Doc. 6) be granted and that plaintiffs' complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter is fully briefed and ripe for disposition.

## BACKGROUND

Plaintiffs John P. Hollingsworth, James A. Hollingsworth, and Kenneth E. Hollingsworth own sixty-six acres of land (the "land") in Lichfield Township. (Compl. at ¶ 5 (Doc. 1 at 2)). On or about June 8, 2008, Defendant Range Resources-Appalachia, LLC ("Range") mailed plaintiffs a five-year "paid-up oil and gas lease" for their signature. (<u>Id.</u> at ¶¶ 6, 7). Along with the lease, Range mailed plaintiffs a "Dear Property Owner" letter ("DPO letter"). (<u>Id.</u> at ¶ 19; DPO Letter (Doc. 1-3 at 20)). The lease states the terms under which Range would be allowed to drill on plaintiffs' land for oil and gas in return for consideration of one dollar and potential royalties. (Lease (Doc. 1-3 at 10)). The DPO letter thanks plaintiffs for "entering into an oil and gas lease" with Range and explains that Range pays a bonus payment to property owners "as consideration for executing the lease." (DPO Letter (Doc 1-3 at 20)). Significantly, the DPO letter states that Range "<u>hereby agrees to pay the following oil and gas</u>

owner the amount below set forth subject to approval of title and management lease review. . . ." (Id.) The DPO letter recites plaintiffs' lease payment amount as $165,000.00, to be paid ninety days from the lease date. (Id.) Neither the lease nor the DPO letter was ever signed by a representative of Range, though Range prepared each document.

Following Range's instructions, plaintiffs each signed the lease before a notary public on July 28, 2008. (Compl. at ¶¶ 7, 8; Lease (Doc 1-3 at 10)). On August 13, 2008, plaintiffs mailed the lease containing their signatures to defendant. (Id. at ¶ 8). Range Vice President Jeffery Bynum sent plaintiffs a letter on December 16, 2008, stating that plaintiffs' lease was not approved and returning the lease stamped 'void.' (Id. at ¶ 9; Bynum Letter (Doc. 1-3 at 22)). Range made no payment to plaintiffs and plaintiffs filed suit in the Court of Common Pleas of Bradford County on March 30, 2009 for breach of contract and declaratory relief. (Compl. at ¶¶ 22 to 30 (Doc. 1-3)).

Range removed the action to this court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. 28 U.S.C. § 1332. On May 11, 2009, Range filed the instant motion to dismiss, which Magistrate Judge Thomas M. Blewitt recommends granting. (Doc. 17). Plaintiffs filed their objections to the magistrate judge's recommendation, bringing the case to its present posture.

**JURISDICTION**

The court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 where the plaintiffs are citizens of Pennsylvania and Range is a Delaware corporation with a principal place of business not in Pennsylvania. (Notice of Removal (Doc. 1)).

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and

2

recommendation, we make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. We may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Before the court is the magistrate judge's recommendation that we grant defendant's motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice

3

of claim which is contemplated by Rule 8." <u>Phillips</u>, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." <u>Id.</u>

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted). The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1950. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." <u>Id.</u> at 1950-51.

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997); <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Plaintiffs make seven objections to the magistrate judge's report and recommendation. The court will examine each in turn.

**1. Application of 12(b)(6) Standard to Plaintiffs' Complaint**

Plaintiffs' first objection is that the magistrate judge "did not accept as true allegations of fact contained in the complaint and did not identify allegations that were rejected as legal conclusions or lacking in specificity as required by Supreme Court precedent." (Doc. 18 at 1). Specifically, plaintiffs argue that "the complaint alleges the following facts that the court must accept as true. 'On or about June 8, 2008, defendant offered to enter into a paid up oil & gas lease . . . . The lease was accepted by plaintiffs and signed by a notary on July 28, 2008 . . . .'" (Plaintiffs' Br. in Supp. at 5 to 6 (Doc. 19)). We disagree with the plaintiffs. First, these are not allegations of facts, but rather legal conclusions which we need not presume true. Iqbal, 129 S. Ct. at 1950. Second, it is apparent which portions of the complaint the magistrate judge considered conclusory– plaintiffs' characterization of what constituted an offer and acceptance, and therefore the existence of a contract. (Doc. 17 at 7). This court agrees with the magistrate that it was the plaintiffs who were making an offer to lease, which defendant subsequently rejected.

**2. Plausibility of Plaintiff's Breach of Contract Claim**

Plaintiffs' second objection is that the magistrate judge's report "is in err because the breach of contract claim is plausible." (Doc. 18 at 1). In essence, plaintiffs argue that, even after discounting conclusions of law found in the complaint, they still prevail under the second prong of Iqbal because their well-pleaded factual allegations "plausibly suggest an entitlement to relief." 129 S. Ct. at 1951; (Br. in Supp. at 6 to 7 (Doc. 19)) ("the Court must still conclude that the defendant gave the plaintiff (sic) an oil and gas lease, that they had prepared, it was mailed to one of the plaintiffs by defendant's landman, signed by the plaintiffs and returned to the defendant, ninety days lapsed . . . and the defendant returned the lease marked void . . . .").

5

This court, based on its judicial experience and common sense, determines that these admittedly well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'– 'that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Under Pennsylvania law, which governs this case, "a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003). The court finds that, upon the facts just recited, no contract exists. See Reed v. Pittsburgh Bd. of Public Educ., 862 A.2d 131, 134 (Pa. Commw. 2004) (elements of a valid contract are offer, acceptance, and consideration).

Here, plaintiffs have not established the first element– the existence of a contract. No contract could be formed absent defendant's manifestation of an intent to be bound. See Restatement (Second) of Contracts § 26 (1979) ("A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent."). Preparing a lease and giving it to plaintiffs for their signature is not plausibly an offer where the defendant did not sign the lease and stated that plaintiffs' signed lease would be subject to review. Rather, as the magistrate found, the only offer made was by the plaintiffs, when they signed the lease and mailed it to defendant.

## 3. Sufficiency of Plaintiffs' Pleading

Plaintiffs' argue that the magistrate judge's "finding that Plaintiff[s] did not sufficiently plead a breach of contract claim (Doc. 17 [at] 5) is in err because the well pled facts in the complaint applied to the law of contracts

properly sets forth a breach of contract cause of action." (Doc. 18 at 1).
As stated above, plaintiffs have not stated a claim for breach of contract
because they cannot establish the existence of a contract.

## 4. Lack of Contract Formation

Plaintiffs' fourth objection is that "[t]he Magistrate Judge's finding that
'no contract which included a bonus and rental delay payment was ever
formed between it and Plaintiff' (Doc. 17 [at] 5) is a legal conclusion without
basis in all well pleaded facts that the court must accept as true." (Doc. 18
at 2). The court does not agree, as explained above. Rather, as a matter
of law, plaintiffs' allegations and documentary evidence show that no
contract was formed.

## 5. Delivery of a Lease

Plaintiffs object that the magistrate judge "failed to recognize that a
delivery of a lease is a conveyance of real property." (Doc. 18 at 2).
Plaintiffs cite Stonehedge Square Ltd. P'ship v. Movie Merchs., Inc., 715
A.2d 1082 (1998) for the proposition that principles of property law govern
whether or not a landlord in a commercial lease has a duty to mitigate
damages. (Pls. Br. in Supp. at 14 (Doc. 19)). While that proposition
demonstrates that property law may be applicable to some issues relating
to a lease, it does not establish that property law governs the instant lease.
Because plaintiffs cannot show that anything other than the law of
contracts governs this case, delivery is irrelevant.

## 6. Applicability of Lyco Better Homes, Inc. v. Range Resources–Appalachia, LLC

Plaintiffs argue that the magistrate judge "should not have followed
Lyco Better Homes, Inc. v. Range Resources-Appalachia, LLC,
4:09-CV-00249-JFM, May 21, 2009 where the cases have significant
differences in the pleadings and the language in the Dear Property Owner

letter." (Doc. 18 at 2). This court has reviewed plaintiffs' arguments against dismissal *de novo*, without reliance on <u>Lyco</u>, therefore this objection is moot.

**7. Opportunity to Amend the Complaint**

Finally, plaintiffs object that the magistrate judge "erred in refusing to permit the Plaintiff to amend the complaint since the courts are reluctant to refuse a party an opportunity to amend a pleading." (Doc. 18 at 2). In certain circumstances it is appropriate to dismiss the case provisionally and allow the plaintiffs to file an amended complaint. <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413 (3d Cir. 1993). We do not provide the opportunity to amend, however, where such amendment would be futile. <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." <u>Shane</u>, 213 F.3d at 113. The court applies the same dismissal standard in assessing futility as it does under Rule 12(b)(6). <u>Id.</u>

The plaintiffs' proposed amended complaint continues to label defendant's preparation and mailing of the lease as an offer and the plaintiffs' signature and return of the lease as an acceptance. (Proposed Am. Compl. (Doc. 19-2)). However, plaintiffs propose to add a promissory estoppel claim against Range, based on the same allegations and documents which underlie their breach of contract and declaratory judgment causes of action. (<u>Id.</u> at ¶¶ 33 to 38).

Promissory estoppel allows a court to enforce a promise against a promisor despite the fact that he received no consideration for his promise. <u>See</u> <u>Cardmone v. Univ. of Pittsburgh</u>, 384 A.2d 1228, 1233 (Pa. Super. Ct. 1978). The doctrine is applicable where "(1) the promisor makes a promise that he reasonably expects to induce action or forbearance by the

promisee, (2) the promise does induce action or forbearance by the promisee, (3) and injustice can only be avoided by enforcing the promise." <u>Carlson v. Arnot-Ogden Mem'l Hosp.</u>, 918 F.2d 411 (3d Cir. 1990).

Plaintiffs claim fails, however, because they have alleged no further facts indicating an unconditional promise by Range. Thus, for the same reason that plaintiffs breach of contract claim is ripe for dismissal, plaintiffs' request to amend their complaint is futile– Range conditioned their entrance into any agreement upon management review.

**CONCLUSION**

For these reasons, each of plaintiffs' objections to Magistrate Judge Thomas M. Blewitt's report and recommendation are overruled. Defendant's motion to dismiss will be granted in a following order without granting plaintiffs leave to amend their complaint.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN P. HOLLINGSWORTH,**
**JAMES A. HOLLINGSWORTH,**
**and KENNETH E.**
**HOLLINGSWORTH,**
                    **Plaintiffs**

          **v.**

**RANGE RESOURCES–**
**APPALACHIA, LLC,**
                    **Defendant**

: **No. 3:09cv838**
:
: **(Judge Munley)**
:
:
:
:
:
:
:
:

## ORDER

**AND NOW**, to wit, this 28th day of October 2009:


1.  The plaintiffs' objections (Doc. 18) to the report and recommendation of Magistrate Judge Thomas M. Blewitt are hereby **OVERRULED.**

2.  Judge Blewitt's report and recommendation (Doc. 17)  is hereby **ADOPTED**.

3. The defendant's motion to dismiss (Doc. 6) is hereby **GRANTED**.

4. Plaintiffs' request for leave to amend the complaint is hereby **DENIED**. And,

5. The Clerk of Court is directed to close the case.


                              **BY THE COURT:**


                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**